1
2
3
4
5

John W. Shaw, Esq., SBN: 82802
jshaw@mpplaw.com
Litsa Georgantopoulos, Esq., SBN: 238288
lgeorge@mpplaw.com
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:     (213) 891-9100
Facsimile:      (213) 488-1178

6
7

Attorneys for Defendant,
SMITH & NEPHEW, INC.

8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12

ENDURANCE MEDICAL, INC.,
a California corporation,

Case No.:  8:15−cv−01265−CJC−DFMx
[Action Filed:  June 12, 2015]

13

Plaintiff,

**STIPULATED PROTECTIVE ORDER**

14

vs.

15
16

SMITH & NEPHEW, INC., a Delaware
corporation, and Does 1 to 50, inclusive,

Judge:     Hon. Cormac J. Carney
Courtroom:  9B

17

Defendants.

18
19
20
21
22
23
24
25

   IT IS HEREBY STIPULATED AND AGREED by and among counsel for
Plaintiff, ENDURANCE MEDICAL, INC., and Defendant, SMITH & NEPHEW,
INC. that the following procedures shall govern the production and exchange of
certain documents, testimony, responses to interrogatories, and other information
or things produced, given, or exchanged by and between the parties in the course
of the above captioned action and related information contained in such material
including without limitation all copies, excerpts, and summaries of such material:

26
27
28

   1.    Any person (including a third party not named in this action) who is
required to produce or provide documents, testimony, responses to
interrogatories, and/or other information or things in discovery in this case may,

1          8:15-cv-01265-CJC-DFM
**STIPULATED PROTECTIVE ORDER**

solely in the manner described below, designate as "CONFIDENTIAL" (a) any material which contains financial or other internal information of a proprietary, commercially sensitive, or competitive nature; (b) any information in the nature of a trade secret or other research, development, or commercial information of a confidential or proprietary nature; or (c) any material that is subject to a legally protected right of privacy, including material containing confidential research, development, product information, market information, financial information, customer lists, or proprietary business information protected by a right of privacy. The parties will only designate material "CONFIDENTIAL" upon a good-faith, reasonable basis.

2.      Any person (including a third party not named in this action) who is required to produce or provide documents, testimony, responses to interrogatories, and/or other information in discovery in this case may, solely in the manner described below, designate as "ATTORNEYS' EYES ONLY" any material of a highly confidential and/or proprietary nature.  The parties will only designate material "ATTORNEY'S EYES ONLY" upon a good-faith, reasonable basis.

3.      The term "Confidential Material," as used herein, means all originals and copies of any paper or thing that any party has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and the information contained therein.  Notwithstanding the foregoing, no party or third person may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" any document, information or tangible thing that, as of the date of this Stipulated Protective Order: is a matter of public record; is already in the public domain; or is or becomes generally available to the public other than a result of disclosure in breach of this Stipulated Protective Order or in breach of a legal obligation not to disclose or disseminate such information.

4.      Confidential Material under this Stipulated Protective Order shall be used solely for purposes of preparing for and conducting the litigation of the instant action entitled *Endurance Medical, Inc., v. Smith & Nephew, Inc.* (the

**STIPULATED PROTECTIVE ORDER**

"Action"), and any appellate proceedings in the Action. Such Confidential Material shall not be used or disclosed for any other purpose whatsoever (except where under force of law), including, but not limited to, business or competitive purposes or the prosecution or defense of any other action, whether or not it is similar in any respect to the Action.

5.    Confidential Material shall be designated hereunder by affixing or stamping documents or items containing such information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" including documents constituting deposition transcripts or portions thereof, answers to interrogatories or responses to requests for admission, documents produced in response to requests for production, or any other papers or things containing Confidential Material.

6.    Any party or deposition witness wishing to designate documents, information, or testimony produced at deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall do so at the time of production or testimony by stating the designation orally on the record of a deposition, or within five (5) court days following the receipt of a transcript by providing written notice of the designation to the parties and any other affected person. For the original deposition transcript and each copy thereof, the court reporter for the deposition shall, if practicable, separately bind the portion of the deposition transcript containing Confidential Material, and any deposition exhibits containing Confidential Material. The court reporter for the deposition shall mark the cover page of any such separately bound volumes as follows:

**CONFIDENTIAL [OR ATTORNEYS' EYES ONLY]**
**IN ACCORDANCE WITH A STIPULATED PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE CONTENTS OF THIS VOLUME SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN IN ACCORDANCE WITH SUCH STIPULATED PROTECTIVE ORDER.**

3            8:15-cv-01265-CJC-DFM

**STIPULATED PROTECTIVE ORDER**

In the event it is not practicable to separately bind portions of a deposition transcript and certain exhibits, the court reporter shall include upon each transcript page containing Confidential Material a notation as follows:

**THIS PAGE CONTAINS CONFIDENTIAL [OR ATTORNEY'S EYES ONLY] INFORMATION SUBJECT TO DISCLOSURE RESTRICTIONS OF A STIPULATED PROTECTIVE ORDER.**

If the designation is made by timely notice after receipt of a deposition transcript or exhibits, any party receiving notice of the designation, shall stamp as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the designated portions of any copies of the transcript or exhibits in its possession, and shall take all reasonable steps to assure that transcripts copied but no longer in the possession of said party are likewise treated as Confidential Material.  For instances where transcripts have been provided to third parties, reasonable steps shall include a request that the third parties either return the transcripts or execute the Agreement to be bound by this Stipulated Protective Order found at Exhibit A hereto.  After designation pursuant to this paragraph, parties will restrict their use of such information in accordance with the requirements of this Stipulated Protective Order.

7.    In the event that any party objects to the designation of any paper, testimony, information or thing as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," such party shall, in writing, request the designating person to remove the designation. Such written request shall specifically identify the document or information at issue and shall state the reason(s) why the designation should be removed. The designating person, by its counsel, shall respond in writing within ten (10) business days of receipt of the written request. If the designating person refuses to remove the designation, its written response shall state the reason(s) for this refusal. If the designating person refuses to remove the designation, any party may file a motion for an order requiring the designating person to remove the designation.  The motion will be filed under seal and service

1  copies shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY,"

2  as appropriate. If the Court conducts an in camera hearing, counsel shall be

3  present and a court reporter shall record the proceedings. The designated

4  Confidential Material at issue shall continue to be treated as "CONFIDENTIAL"

5  or "ATTORNEYS' EYES ONLY" until the Court orders otherwise or the parties

6  agree otherwise.

7          8.      Except with the prior written consent of the designating party, no

8  Confidential Material designated as "CONFIDENTIAL" may be shown or

9  disclosed to any person or entity other than (i) the designating party or its

10  employees, (ii) the Court, (iii) Court personnel, (iv) court reporter(s) involved in

11  this Action, (v) counsel of record for a party (including the paralegal, clerical, and

12  secretarial staff employed by such counsel), (vi) General Counsel and the law

13  department staff regularly employed by a party (or its parent or affiliated

14  companies) who are working on the matter at issue in the Action (including the

15  paralegal, clerical, and secretarial staff employed by such counsel), and (vii) a

16  "Qualified Person" as is defined below in Paragraph 9.

17          9.      For the purpose of this Stipulated Protective Order, "Qualified

18  Person" means:

19          (a)     any party to this action or officer, director, employee, or contracted

20  agent or representative of a party whose participation in this Action and access to

21  "CONFIDENTIAL" information is determined to be necessary by counsel of

22  record for that party (and for a contracted agent or representative of a party only:

23  who agrees in writing to be bound by this Stipulated Protective Order prior to

24  disclosure);

25          (b)     outside experts or consultants, and their employees, retained by a

26  party or counsel to a party to assist counsel with respect to this litigation and who

27  agree in writing to be bound by this Stipulated Protective Order;

28          (c)     any person or persons who prepared the particular documents

containing Confidential Material in the regular course of business;

**STIPULATED PROTECTIVE ORDER**

(d)     Any person or persons who previously received or are believed to have accessed the Confidential Material in the regular course of business;

(e)     Except with the prior written consent of the designating party or as ordered by the Court, "Qualified Person" shall not include: (i) other attorneys who may, in the future, seek to bring actions against parties in the within Action; (ii) employees, agents, contractors or consultants of a company engaged in the design, manufacture, and/or sale of orthopedic medical devices that compete with those offered for sale or under development by S&N; or (iii) any other person(s) who a party to this Stipulated Protective Order knows or has reason to believe may seek to profit from the review of Confidential Material or use of information contained in Confidential Material.

10.     Except with the prior written consent of the designating party or as ordered by the Court, no Confidential Material designated as "ATTORNEYS' EYES ONLY" may be shown or disclosed to any person or entity other than (i) the designating party or its employees who prepared, disseminated, or received the information in the regular course of the designating party's business, (ii) the Court, (iii) Court personnel, (iv) court reporter(s) involved in this action, (v) counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and (vi) to the "Qualified Persons" listed in subparagraphs 9(b),  9(c), and 9(d) above, as limited by subparagraph 9(e) above. If disclosure of Confidential Material designated "ATTORNEYS' EYES ONLY" is made pursuant to this paragraph, all other provisions in this Stipulated Protective Order with respect to confidentiality shall also apply.

11.     Prior to disclosing any Confidential Material to any Qualified Person, the disclosing party shall provide such Qualified Person with a copy of this Stipulated Protective Order, and such Qualified Person shall agree to be bound by the terms of this Stipulated Protective Order and shall sign a nondisclosure agreement in the form of Exhibit A annexed hereto. Counsel for the disclosing party will retain the nondisclosure agreement signed by each Qualified Person to whom the disclosing party disclosed Confidential Material. In the event that

**STIPULATED PROTECTIVE ORDER**

Confidential Material is disclosed or made available to a witness at a deposition or other proceeding, the witness may not retain such Confidential Material, or notes reflecting such Confidential Material, after the conclusion of the witness's testimony. Nothing herein shall be construed to place any limitations upon the testimony of that witness in any proceeding in this Action. Nothing herein shall prevent a deposition witness from reviewing a transcript of his or her deposition testimony, and any exhibits thereto, in accordance with the Federal Rules of Civil Procedure and/or any stipulation on the record by counsel. No Qualified Person to whom the disclosing party has provided confidential information shall post such confidential documents on electronic media.

12.   The inadvertent or unintentional production of Confidential Material without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall not be deemed a waiver in whole or in part of a party's later claim of confidential treatment under the terms of this Stipulated Protective Order.  In the event of such subsequent designation, the party who initially received such undesignated information shall suffer no liability or adverse consequence for having disclosed such information, if at all, to a third party before receiving notification of the inadvertent disclosure.  Any Confidential Material that is produced initially without bearing an appropriate designation may later be so designated, and the receiving party shall then, to the extent practicable and without any liability or adverse consequence, make reasonable efforts to retrieve copies, if any, of such later designated Confidential Material that were disclosed to persons other than those authorized in Paragraphs 8, 9, and 10 hereof to receive it, and to prevent further use or disclosure thereof by such persons.

13.   Should any Confidential Material be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipients and the circumstances of the unauthorized disclosure to the relevant producing person(s); (b) use reasonable efforts to retrieve any documents or copies reflecting Confidential Material from the unauthorized recipient(s); and (c)

**STIPULATED PROTECTIVE ORDER**

1
2
3
4

use reasonable efforts to bind the recipients to the terms of this Stipulated Protective Order. No information shall lose its Confidential Material status because it was disclosed to a person not authorized to receive it under this Stipulated Protective Order.

5
6
7
8
9
10

14.    If any party files any Confidential Material with the Court or makes reference to such Confidential Material in briefs or in any other filings submitted to the Court, such Confidential documents, information, and/or court filings shall be filed in a sealed envelope or other appropriate sealed container, which shall be endorsed with (i) the title of this Action and (ii) a statement in substantially the following form:

11
12
13
14
15
16

**CONFIDENTIAL [OR ATTORNEYS' EYES ONLY]**
**IN ACCORDANCE WITH A STIPULATED PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN IN ACCORDANCE WITH SUCH STIPULATED PROTECTIVE ORDER.**

17
18
19
20
21

15.    Subject to the applicable rules of evidence, Confidential Material (whether designated "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" hereunder) may be presented to the Court, or offered in evidence, at trial or any court hearing in open court, but the designating party may move the Court for an order that the Confidential Material be received by the Court under conditions to limit its disclosure.

22
23
24
25
26
27
28

16.    The use of Confidential Material in any Court proceeding in the Action, or any appeal therefrom, shall not cause the Confidential Material to lose its status as Confidential Material, and the party using such Confidential Material shall take steps reasonably necessary to protect its confidentiality during such use.  Subject to any limitations that may be imposed by the Court upon a request made pursuant to Paragraph 15 hereof, this paragraph is not meant to limit any party's use of Confidential Material at trial.

**STIPULATED PROTECTIVE ORDER**

17.   If, in any other action or proceeding, a party is commanded by subpoena or other forms of discovery to produce any document designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the party receiving the subpoena or other discovery shall notify the party who made the designation of that fact in writing, by email and overnight delivery as early as possible, but in no event later than ten (10) days prior to compliance with the subpoena or other discovery (unless otherwise compelled to make an earlier disclosure under force of law). The subpoenaed party (or the party responding to other discovery) shall take all reasonable steps to cooperate with the designating party to carry out the spirit and intent of this Stipulated Protective Order.

18.   Any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be subject to the provisions of this Stipulated Protective Order as Confidential Material until the designating party withdraws the designation or the Court orders that the designation be withdrawn.

19.   Not more than thirty (30) days after the final determination of this litigation, whether by judgment, settlement, or otherwise, including any appeals that may be taken:

(a)   Counsel of record for each party shall promptly assemble all Confidential Material (including all copies that may be held by Qualified Persons) and return it to the designating party.

(b)   The designating party may request that the Clerk of the Court shall either return to the party who filed such documents all Confidential Material that has been filed under seal with the Court and those, in turn, must be returned in accordance with clause 19(a); or, alternatively, should the Clerk of the Court retain all Confidential Material that has been filed under seal with the Court, the Clerk of the Court shall continue to maintain such filed documents under seal and shall preserve the level of protection and nonaccess to such Confidential Material in accordance with applicable law.

9          8:15-cv-01265-CJC-DFM

**STIPULATED PROTECTIVE ORDER**

20.   Notwithstanding anything in this Stipulated Protective Order to the contrary, trial counsel shall be permitted to retain one archive copy ("Archive Copy") of all pleadings, discovery papers (e.g., interrogatory responses, responses to demands for documents, deposition transcripts and exhibits), and correspondence, despite the fact that Confidential Material may be reflected therein.

21.   The provisions of this Stipulated Protective Order continue to apply to limit the use and disclosure of Confidential Material reflected in the Archive Copy.

22.   Nothing herein shall impose any restrictions on the use or disclosure by a designating party of its own Confidential Material.

23.   The parties recognize some documents and electronically stored information that may be produced in this Action may inadvertently contain information not subject to discovery under the Federal Rules of Civil Procedure, including (i) attorney-client privileged communications and other information protected as "privileged" under that Federal Rules of Civil Procedure and controlling law; and (ii) attorney work-product material prepared or compiled in anticipation of litigation.  The parties agree that the inadvertent disclosure of any document or information which is subject to a legitimate claim that the document or information should have been withheld from disclosure as privileged or work-product material shall NOT waive any privilege or other applicable protective doctrine for that document or information, nor for the subject matter of the inadvertently disclosed document or information, if the party which made the production, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.  The procedure for giving notice of an inadvertent disclosure and for handling the same shall be as set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

24.   Notwithstanding any of the foregoing provisions, this Stipulated Protective Order is entered solely for the purpose of facilitating the exchange of

**STIPULATED PROTECTIVE ORDER**

documents and information between the parties to this Action without involving the Court unnecessarily in the process. Nothing in this Stipulated Protective Order shall be construed as a waiver or concession by any party of any position, right, or objection concerning the discoverable nature, relevancy, admissibility, privilege, or immunity of any documents for these or any other proceedings, or of the right to seek to modify this Stipulated Protective Order or to move for relief from any provision hereof.

25.    In the event additional persons become parties to the Action, neither their counsel nor experts retained to assist said counsel shall have access to Confidential Material produced by or obtained from any other party to the Action until said party has executed this Stipulated Protective Order or otherwise agreed in writing to abide by its terms.

26.    The provisions of this Stipulated Protective Order shall survive the termination of this lawsuit as necessary to effectuate their purpose, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information.

27.    The parties hereto agree to be bound by the terms of this Stipulated Protective Order upon signing, and will continue to be bound by its terms when this Stipulated Protective Order is signed by the Court, or such other appropriate Stipulated Protective Order of Confidentiality is entered by the Court. Any party who is determined to have knowingly and purposefully violated the terms of this Stipulated Protective Order shall, on the motion of any other party, be ordered to show cause why the suspected violating party shall not be held in contempt of court for knowingly and purposely violating the Stipulated Protective Order.

28.    This Stipulated Protective Order may be executed electronically and in counterparts, the duplicate signature pages of which shall be taken together to constitute one and the same document.

SO STIPULATED.

11          8:15-cv-01265-CJC-DFM

**STIPULATED PROTECTIVE ORDER**

1

Dated:  January 6, 2016          Respectfully submitted,

2

**MORRIS POLICH & PURDY LLP**

3

4

By:      s/John W. Shaw
                John W. Shaw

5

                Litsa Georgantopoulos
                Attorneys for Defendant,

6

                SMITH & NEPHEW, INC.

7

8

Dated:  January 6, 2016          Respectfully submitted,

9

**WYATT, TARRANT & COMBS, LLP**

10

11

By:      s/Byron N. Brown

12

                Byron N. Brown IV
                Attorneys for Defendant,

13

                SMITH & NEPHEW, INC.

14

15

Dated:  January 6, 2016          Respectfully submitted,

16

**SHAFFER GOLD & RUBAUM, LLP**

17

By:      s/Lawrence S Rubaum

18

                Lawrence S Rubaum

19

                12011 San Vicente Blvd Suite 600
                Los Angeles, CA 90049-4948

20

                Attorneys for Plaintiff,

21

                ENDURANCE MEDICAL, INC.

22

23

24

25

26

27

28

12          8:15-cv-01265-CJC-DFM

**STIPULATED PROTECTIVE ORDER**

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  January 6, 2016

_____/s/ John W. Shaw_____
John W. Shaw

IT IS SO ORDERED:

Dated:  January 7, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

13          8:15-cv-01265-CJC-DFM
**STIPULATED PROTECTIVE ORDER**